## In re DUSTROL, INC., Relator.

### No. 10–01–197–CV.

Court of Appeals of Texas, Waco.

July 18, 2001.

Brian A. Mottet, Gregory Joseph Lensing & Mark D. Cronenwett, Cowles & Thompson, Dallas, for Relator.

John Edward Sullivan and Stephen W. Kotara, Law Office of John E. Sullivan, Dallas, for Other Parties in Interest.

## DISSENTING OPINION FROM DENIAL OF MANDAMUS

GRAY, Justice.

Dustrol has been sued by Sees and others in connection with several fatal automobile wrecks. Dustrol was one of several sub-contractors working on a TXDOT pro-

ject. TXDOT has been sued by Sees and others in Tarrant County for these same wrecks. Dustrol was not sued in Tarrant County. In the underlying litigation Sees sued the TXDOT engineers individually but did not sue TXDOT. Dustrol contends that TXDOT is a contribution defendant and has timely sought to bring TXDOT into the underlying litigation. *See* TEX. CIV. PRAC. & REM.CODE § 33.016(b) (Vernon 1997). The trial court refused to allow TXDOT to be sued as a contribution defendant and struck related pleadings. Dustrol filed a mandamus against the trial court, and Sees filed a response.

The statute is clear. It provides:

(b) Each liable defendant is entitled to contribution from each person who is not a settling person and who is liable to the claimant for a percentage of responsibility but from whom the claimant seeks no relief at the time of submission. A party may assert this contribution right against any such person as a contribution defendant in the claimant's action.

TEX. CIV. PRAC. & REM.CODE § 33.016(b) (Vernon 1997).

The statute specifically provides that a party may assert this contribution right in the claimant's action. In this context, "may" means this is a right of the party attempting to assert the right and cannot be negated by another party or the court. *See Buck v. Johnson*, 495 S.W.2d 291, 298 (Tex.App.—Waco 1973, writ ref'd n.r.e.). The defendant does not have to assert this contribution right. But the statute clearly gives the party who has been sued the right to add any other person as a contribution defendant so that the contribution defendant's responsibility can be determined in the same proceeding. This is a valuable right which is effectively lost if the trial court refuses to implement it.

The entire trial will be for naught if Dustrol is not allowed to bring the contribution claim against TXDOT in the same action. Dustrol has been entirely deprived of the opportunity to develop the merits of a defense in the underlying case. That defense is that another person is the culpable party, if not totally, at least in part. This is fundamentally the same situation addressed in *Walker v. Packer* in discussing whether a remedy by appeal is inadequate. *Walker v. Packer*, 827 S.W.2d 833, 843 (Tex.1992). The Court stated:

> ... an appeal will not be an adequate remedy where the party's ability to present a viable claim or defense at trial is vitiated or severely compromised by the trial court's discovery error. It is not enough to show merely the delay, inconvenience or expense of an appeal. Rather, the relator must establish the effective denial of a reasonable opportunity to develop the merits of his or her case, so that the trial would be a waste of judicial resources.

*Id.*

Additionally, the Tarrant County suit has been abated pending resolution of the underlying suit. If there is any reason to cause the cases to be resolved in a particular order, as Sees contends, full relief cannot be implemented upon an appeal of the underlying case.

Finally, given that the Supreme Court in *Thomas v. Oldham*[1] has not prohibited joinder of the claims against the governmental employer and the governmental employee, while acknowledging it may limit the scope of relief available, and has also denied review in *Casa Ford*[2], which holds that contribution claims must be asserted in the same case or forever be barred,

Dustrol has, in my opinion, sufficiently established that we cannot fashion an adequate remedy on appeal of this case.

I would hold that because Dustrol timely asserted the claim against a contribution defendant, the trial court has no discretion to prevent it or keep that contribution defendant from being joined in the suit. The plaintiffs do not have a right to keep Dustrol from exercising this statutory right. The trial court abused its discretion and there is no adequate remedy by appeal. Thus, I would grant the mandamus.

**1.** *Thomas v. Oldham*, 895 S.W.2d 352 (Tex. 1995).

**2.** *Casa Ford, Inc. v. Ford Motor Co.*, 951 S.W.2d 865, 875–76 (Tex.App.—Texarkana 1997, pet. denied).